UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIM TATUM and**<br>**RICHARD G. HILLIARD, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-1347** |
| **UNITED PARCEL SERVICE, INC.,**<br>**ROMAN WILLIAMS, KARL GRAMM,**<br>**and JEANNE LAWRENCE** | **SECTION "C"** |

### ORDER AND REASONS[1]

Before the Court is a Motion to Remand under 28 U.S.C. § 1447 filed by the plaintiffs, Tim Tatum ("Tatum") and Richard G. Hilliard ("Hilliard") (Rec. Doc. 15). Defendant United Parcel Service, Inc. ("U.P.S."), along with individual defendants Roman Williams, Karl Gramm, and Jeanne Lawrence (collectively, "individual defendants"), opposes the motion. Rec. Doc. 18. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that the plaintiffs' Motion to Remand is **GRANTED**.

---

[1] David M. G. Ross, second year student at Tulane University Law School, assisted in the research and preparation of this decision.

**I. BACKGROUND**

The plaintiffs, African-American males domiciled in Louisiana and Mississippi, filed this suit in Civil District Court for the Parish of Orleans, State of Louisiana, claiming that U.P.S., their employer, discriminated against them on the basis of their race.  Plaintiff Tatum also claimed that the individual defendants, all managers or directors at U.P.S. and all Louisiana residents, reacted in a retaliatory manner toward him when he attempted to address his concerns regarding alleged racial discrimination by using the established procedures at U.P.S.  Tatum also claimed that the individual defendants committed the tort of intentional infliction of emotional distress.  Specifically, Tatum alleged that the individual defendants' attitudes toward him changed significantly after he raised his concerns regarding possible discrimination and that they made frequent unfounded critical comments and veiled threats, scheduled unnecessary meetings at inconvenient places and times, issued frequent "write-ups" on him for alleged rule or policy infractions, distorted incidents in order to establish Tatum's violation of rules and policies, held him to a higher standard than they did others or themselves, and demoted him for such alleged violations.  An affidavit from Tatum's psychologist indicates that Tatum currently suffers emotional distress related to the above claims.

The defendants removed the case to this Court, arguing that the individual defendants were improperly joined in an attempt to prevent federal subject matter jurisdiction under 28 U.S.C. § 1332.  To support removal, the defendants argue: (1) that Louisiana law does not permit an employee to file a discrimination or retaliation suit against his supervisors or other individuals; (2) that Tatum may not "bootstrap" his claim of intentional infliction of emotional distress with his claims of discrimination and retaliation; and, (3) that Tatum's claims of

intentional infliction of emotional distress are without merit. The plaintiffs now move to remand this suit, claiming that the individual defendants, all Louisiana citizens, were properly joined.

## II. ANALYSIS

Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441 (2000). The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States. 28 U.S.C. § 1332 (2000). In order to properly exercise original jurisdiction when that original jurisdiction is based upon the matter in controversy being between citizens of different States, it is well settled that complete diversity, that is, the citizenship of every plaintiff is diverse from the citizenship of every defendant, must exist. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806).

The party seeking removal of a lawsuit bears the burden of establishing the existence of federal jurisdiction. *See, Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (*citing B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). "Where charges of [improper] joinder are used to establish this jurisdiction, the removing party has the burden of the proving the claimed [impropriety]." *Dodson*, 951 F.2d 40, 42 (5th Cir. 1992).[2] A claim of improper joinder shall be analyzed under the same standards used to assess a motion for

---

[2]The Fifth Circuit in *Dodson* addressed "fraudulent joinder;" it now uses the term "improper joinder." *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 (5th Cir. 2004).

3

summary judgment. *See Badon v. R.J.R. Nabisco, Inc.*, 224 F.3d 382, 393-94 (5th Cir. 2000), *op. after certified question declined*, 236 F.3d 282 (5th Cir. 2000). Consequently, a court must resolve any factual controversies in favor of the non-removing party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. [The court shall] not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." 224 F.3d 382, 393-94 (*quoting Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)). All disputed questions of fact and all ambiguities in the controlling state law must be resolved in favor of the plaintiff. *B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). In support of a motion to remand, the plaintiff may submit and the court may consider affidavits and deposition transcripts along with the factual allegations contained in the verified complaint. *Szpakowski v. Chevron, U.S.A., Inc.*, Civ. A. 95-4199, 1996 WL 148168 at *1 (E.D. La. 1996) (*citing B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). Under the "notice pleading" required by the Federal Rules of Civil Procedure, a plaintiff need not state with specificity the details of his allegations, but must merely put the defendant on notice of the general nature of his claims. *Donahoe v. Home Depot, U.S.A., Inc.*, No. CIV. A. 99-1948, 1999 WL 649635, at *2 (E.D. La. Aug. 24, 1999).

The Court must determine if the plaintiffs have successfully alleged a valid cause of action against the individual defendants. If the plaintiffs have, joinder was proper, the Court does not have jurisdiction, and the case must be remanded. If the plaintiffs have not, the plaintiff's claim against the individual defendants will be ignored and the Court will retain subject matter jurisdiction. A party is considered improperly joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive

law or does not intend to secure a judgment against that defendant. *Englande v. Glaxo Smithkline*, 206 F. Supp. 2d 815, 817 (E.D. La. 2002) (*citing Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593, 595 (M.D. La. 1983)). The key inquiry to a claim of improper joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants. *Englande*, 206 F. Supp. 2d at 819 (*citing B., Inc.*, 663 F.2d at 545).

The defendants argue that the plaintiffs may not sue the individual defendants either for employment discrimination or for retaliation under applicable Louisiana law, and as such, the individual defendants were improperly joined. Specifically, they assert that Louisiana Employment Discrimination Law, LA. REV. STAT. § 23: 301, *et seq*, restricts employees to filing actions against employers only, that the Louisiana "Whistleblower Statute," LA. REV. STAT. § 23: 967, is similarly restricted, and that a plaintiff may not "bootstrap" an intentional infliction of emotional distress claim with a claim for employment discrimination. Finally, the defendants argue that Tatum's claim for intentional infliction of emotional distress has no merit.

Louisiana Employment Discrimination Law as codified in LA. REV. STAT. § 23: 301, *et seq*. restricts employee actions to "employers." LA. REV. STAT. § 23: 301, *et seq.* The definition of "employer" under LA. REV. STAT. § 23: 301, *et seq.* is limited to "a person... or commercial entity... receiving services from an employee and, in return, giving compensation of any kind to an employee... [and] apply only to an employer who employs twenty or more employees... " LA. REV. STAT. § 23: 302. As fellow employees of U.P.S., the individual defendants do not qualify as employers under Louisiana Employment Discrimination Law. Thus, the plaintiffs did not state a claim against the individual defendants under Louisiana Employment Discrimination Law.

5

The Louisiana "Whistleblower Statute" does not define the term "employer."  *See* LA. REV. STAT. § 23:967.  The Court will not attempt to read a definition of "employer" into the Whistleblower Statute.  The plaintiffs conceded that their claims for discrimination and retaliation were brought against U.P.S. only.  Rec. Doc. 20.  Since the plaintiffs do not assert their claims under applicable discrimination or retaliation laws against the individual defendants, Tatum's claim of intentional infliction of emotional distress is the only remaining claim against the individual defendants that would establish proper joinder.

Defendants argue that Tatum may not "bootstrap" his claims, i.e., that he cannot seek damages under both the applicable Louisiana Employment Discrimination Law and Louisiana Civil Code article 2315.  Rec. Doc. 12, 18.  For this proposition, the defendants cite *Johnson v. Merrill-Dow Pharmaceuticals, Inc.*, claiming the Fifth Circuit in *Johnson* stated that "a claim for intentional infliction of emotional distress will *not* lie for employment disputes."  Rec Doc. 12, 18 (*mis-quoting  Johnson v. Merrill-Dow Pharmaceuticals, Inc.*, 965 F.2d 31, 33 (5th Cir. 1992) (emphasis added by defendants)).  However, in *Johnson*, the Fifth Circuit actually stated: "[T]his court applying Texas law has repeatedly stated that a claim for intentional infliction of emotional distress will not lie for mere 'employment disputes.'"  *Johnson v. Merrill-Dow Pharmaceuticals, Inc.*, 965 F.2d 31, 33 (5th Cir. 1992).  Since the Fifth Circuit applied Texas law in *Johnson*, the defendant's reliance on Johnson is misplaced.  Under Louisiana law, intentional infliction of emotional distress is an intentional tort.  *See* La. C.C. Art. 2315; *Nicholas v. Allstate Ins. Co.*, 765 So. 2d 1017, 1024-29.  An intentional tort claim may be brought in conjunction with a discrimination claim under Louisiana law.  *White v. Monsanto Co.*, 585 So. 2d 1205, 1208 (La. 1991); *Moran v. New Hotel Monteleone*, No. Civ. A. 00-1409, 2000 WL 1100382 at *5 (E.D. La.

Aug. 4, 2000) (*citing White*, 585 So. 2d at 1208 (La. 1991)); *see also Barber v. Marine Drilling Mgmt., Inc.*, No. Civ. A. 01-1986, 2002 WL 237848 at *5 (E.D. La. Feb. 15, 2002). Furthermore, intentional torts are a specific exception to the exclusive remedy rule of Louisiana worker's compensation law.  *See* LA. REV. STAT. § 23:1032(B).

To recover for intentional infliction of emotional distress in Louisiana, a plaintiff must show: (1) that the defendant's conduct was extreme and outrageous; (2) that the emotional distress he suffered was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct."  *White*, 585 So. 2d at 1209.  The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.  *White*, 585 So. 2d at 1209 (*citing* Restatement (Second) of Torts, comment d, § 46; Prosser and Keaton, The Laws of Torts, § 12, p. 59 (5th ed. 1984)).  Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.  *Id.*  The extreme and outrageous character of the conduct may arise from an abuse by the actor of a position, or a relation with the other, which gives him actual or apparent authority over the other, or power to affect his interests.  *White*, 585 So. 2d at 1209 (*citing* Restatement, (Second) of Torts, comment e § 46).  In *Bustamento v. Tucker*, the Louisiana Supreme Court held that "[o]utrageous conduct" is a nebulous concept, because it does not refer to any specific type of conduct and may even refer to a pattern of conduct.  *Bustamento v. Tucker*, 607 So. 2d 532, 538 (La. 1992).  The Louisiana Supreme Court also stated that "[c]onduct which, viewed as an isolated incident, would not be outrageous or would not be likely to cause serious damage, can become such when repeated over a period of time."

*Bustamento,* 607 So. 2d at 538 (*citing* Restatement (Second) of Torts § 46, Comment (j) (noting that both the intensity and the duration of the distress are factors to be considered in determining whether a pattern of conduct is actionable)). Activity in the Louisiana workplace environment can give rise to a cause of action for intentional infliction of emotional distress, however, the cause of action is limited "to cases which involve a pattern of deliberate, repeated harassment over a period of time." *Nicholas v. Allstate Ins. Co.*, 765 So. 2d 1017, 1026 (La. 2000).

      Here, Tatum alleges that he was subjected to the individual defendants' actions for nearly a year, possibly beginning in February, 2006, when defendant Lawrence assumed her position as Division Manager, and possibly ending in January 2007 with Tatum's demotion. Rec. Doc. 1-2. Tatum alleges that after raising his concerns regarding employment discrimination, the individual defendants frequently criticized, intimidated, or threatened him verbally without valid reasons, that they harassed him by requiring him to travel to unnecessary meetings in odd places and at odd times, and that they distorted facts in order to punish him for violating policies and rules which he did not violate, but which the individual defendants violated themselves. Rec. Doc. 1-2. Tatum alleges that the above acts were all part of a larger pattern of behavior intended to cause emotional harm. Rec. Doc. 1-2. Tatum also demonstrated emotional injury in his psychologist's affidavit. Rec. Doc. 15-3. Accordingly, the Court cannot state as a matter of law that Tatum's claim is without merit. Therefore, the individual defendants were not improperly joined to this action, and the Court lacks subject matter jurisdiction to hear this suit.

### III. CONCLUSION

For the reasons state above,

IT IS ORDERED that the plaintiffs' Motion to Remand is **GRANTED**.

IT IS FURTHER ORDERED that the plaintiffs' request for attorneys' fees and costs associated with this motion is **DENIED**.

IT IS FURTHER ORDERED that in light of the remand in this matter, the defendants' Motion to Dismiss (Rec. Doc. 14) is hereby **DISMISSED AS MOOT**.

New Orleans, Louisiana this 21st day of June, 2007.

                                                   _____
                                                   HELEN G. BERRIGAN
                                                   UNITED STATES DISTRICT JUDGE